Carol J. DECKER, Plaintiff-Appellant,

v.

David J. BARRAM, Administrator, General Services Administration, Defendant—Appellee.

No. 99–17555.

D.C. No. CV 96–00041–RCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided June 4, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

---

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

## MEMORANDUM **

Carol J. Decker ("Decker") appeals the district court's grant of summary judgment in favor of General Services Administration ("GSA"). Decker claims that there are genuine issues of material fact regarding her claims that (1) GSA discriminated against her on the basis of sex in violation of Title VII when it hired a male job applicant and not her for a position as Transportation Motors Officer (2) various GSA employees retaliated against her for filing EEOC complaints and (3) GSA subjected her to a hostile work environment that resulted in her constructive discharge. Because we conclude that the district court correctly determined that there were no issues of material fact as to Decker's sex discrimination claim, and because we conclude that Decker's other two claims are not properly presented in this appeal, we affirm.

As for Decker's sex discrimination claim, she takes aim at the explanation proffered by decisionmaker Michael Snodgrass ("Snodgrass") for hiring Jacques Muije ("Muije") instead of her. Most particularly, Decker claims that there is no basis in Muije's application for Snodgrass' statement that Muije had "direct experience in fleet management," which Snodgrass listed as the most important among a number of factors as in his decision to hire Muije over Decker.

Although Decker is correct as to that overstatement by Snodgrass, that lone fact is not sufficient to find that there are any genuine issues of material fact as to whether Snodgrass discriminated against her. Decker claims the Supreme Court's decision in *Reeves v. Sanderson Plumbing Prods. Co.,* 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) requires re-versal. But *Reeves* itself states (*id.* at 148, 120 S.Ct. 2097):

> Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.
>
> That is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

That last paragraph might well have been written for this case, for no rational factfinder could conclude that any discrimination was at work here when Snodgrass selected Muije instead of Decker. Snodgrass explained that he hired Muije over Decker because Muije was better qualified than she, and there is no dispute on that score (indeed, Decker's counsel made that admission during oral argument). It is further uncontroverted that Annah Lietci, a woman, also concluded that Muije was better qualified than Decker and that she recommended Muije to Snodgrass on that basis. In sum, there is no reason to believe that any discrimination occurred here.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit rule 36–3.

That leaves Decker's claims that she suffered unlawful retaliation at the hands of various GSA employees and that she was subjected to a hostile work environment that resulted in her constructive discharge. We decline to review these claims because they have not properly been presented in this appeal. As we have noted in the past, we will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief (*Laboa v. Calderon*, 224 F.3d 972, 980 n. 6 (9th Cir.2000)). Decker has provided no more than one paragraph mentioning each of those claims in her opening brief, and that abbreviated treatment is wholly deficient in identifying the legal and factual bases of the claims.

We therefore affirm the order of the district court granting summary judgment in favor of GSA and against Decker and dismissing this action.

AFFIRMED.